THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN H.
 BEHRMANN, Respondent, *v.* JOHN R. VOORHIS et al., Consti-
 tuting the Board of Elections of the City of New York,
 Appellants.

ELECTION LAW — NEW YORK CITY — INDEPENDENT NOMINATION OF
CANDIDATE IN ALDERMANIC DISTRICT OF LESS EXTENT THAN A WARD.
Although the charter of the city of New York has been altered since the
Election Law (L. 1896, ch. 909) was enacted, so as to provide for the elec-
tion of an alderman in a district of less extent than a ward, and there is
no specific provision in the Election Law for the making of independent
nominations in any official district smaller than a town, ward or village,
such nomination is embraced within the scope of that part of section 57
of the Election Law which provides for "independent nominations of
candidates for public office to be voted for only by the electors of a town,
or ward of a city, or a village;" since such provision does not say, like
other provisions of the statute, "to be voted for by *all* the electors" of
the territory named, but simply by the electors thereof, and since by the
Constitution every qualified voter is entitled to vote in the election dis-
trict of his residence "for all officers that now are or hereafter may be
elective by the people" it is inferable that the legislative scheme of nomi-
nation for candidates embraces all the elective officers for whom the quali-
fied voter should then or thereafter be permitted to vote.

*People ex rel. Behrmann* v. *Voorhis*, 65 App. Div. 11, affirmed.

(Argued October 24, 1901; decided October 28, 1901.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the first judicial department, entered Octo-
ber 21, 1901, which reversed an order of Special Term deny-
ing the motion of relator for a peremptory writ of mandamus
directing the defendants to file the certificate of his nomina-
tion as alderman and granted the motion.

The relator presented to the board of elections of the city
of New York a petition signed by 130 electors of the forty-
fourth aldermanic district of that city and demanded that the
same be filed as a certificate of independent nomination for
the office of alderman for that district, which is composed of
five election districts, located within the twenty-fourth ward
of such city and comprising about one-third of such ward,
there being four complete aldermanic districts within its limits.

The board having refused to file such certificate, an order was obtained directing the members thereof to show cause why it should not be compelled to do so under section 57 of the Election Law (L. 1896, ch. 909) which so far as material is as follows: "Independent nominations. Nominations made as provided by this section shall be known as independent nominations, and the certificate whereby such nominations are made shall be known as an independent certificate of nomination. Independent nominations of candidates for public office to be voted for by all the electors of the state can only be made by six thousand or more voters of the state; provided, however, that in making up such number at least fifty electors in each county of the state (the counties of Fulton and Hamilton to be considered as one county) shall subscribe to the certificate provided for in this section. Independent nominations of candidates for municipal offices, to be voted for by all the electors of a municipality, can only be made, if in a city of the first class, by two thousand electors of such city; if in cities of the second class, by one thousand electors of such city, and in other cities by five hundred electors thereof. Independent nominations of candidates for a county office in a county in which there is a city of the first class can only be made by two thousand electors of such county. Independent nominations of candidates for public office other than municipal offices to be voted for in a district less than the whole state, but greater than a town or ward of a city, can only be made by one thousand electors or more of the district, except that five hundred voters or more of an assembly or school commissioner district may make such nomination for member of assembly or school commissioner to be voted for in such district. Independent nominations of candidates for public office to be voted for only by the electors of a town, or a ward of a city, or a village, can only be made by one hundred electors or more of such town, ward or village, except that when such town, ward or village constitutes an assembly or school commissioner district, five hundred or more electors shall be required as above to make such nomination for mem-

ber of assembly or school commissioner.   Independent nominations shall be made by a certificate subscribed by such electors, each of whom shall add to his signature his place of residence, and make oath that he is an elector and has truly stated his residence.   *   *   *   "

*John Whalen, Corporation Counsel* (*Arthur C. Butts* of counsel), for appellants.   The words of the statute which say that independent nominations can only be made in the manner specified therein are an absolute limit to the filing of any other certificates of nomination, except such as come within the plain provisions of said section 57.   (L. 1896, ch. 909.)

*William N. Cohen, Paul M. Herzog, Julius M. Mayer* and *John W. Hutchinson, Jr.,* for respondent.   Laws affecting the right to nominate and to vote should be construed liberally to carry out the plain intent of the legislature. (*Matter of Stewart,* 155 N. Y. 545 ; *People ex rel.* v. *Wood,* 148 N. Y. 147 ; *Matter of Norton,* 34 App. Div. 83 ; *People ex rel.* v. *U. Ins. Co.,* 15 Johns. 358 ; *Holmes* v. *Carley,* 31 N. Y. 289 ; *Tracy* v. *T. & B. R. R. Co.,* 38 N. Y. 433; *People ex rel.* v. *Comrs. of Taxes,* 95 N. Y. 554; *Spencer* v. *Myers,* 150 N. Y. 269.)   The intention of the Election Law is to permit independent nominations for every elective office, including that of alderman.   (L. 1896, ch. 909, § 57.)

Landon, J.   Whatever right the relator has, if any, to have the certificate of his nomination filed, must be found in section 57 of the Election Law.

We agree with the Appellate Division that the section should receive as liberal a construction as its language will permit, if such a construction is necessary to accomplish its intent.   That intent clearly was to prescribe the method of making independent nominations, and when duly made to place them upon the same official footing as other officially recognized nominations.

The charter of the city of New York has been altered since the Election Law was enacted, so as to provide for the election

24

of an alderman in a district of less extent than a ward. The aldermanic district here in question is within the twenty-fourth ward and is composed of about one-third of it. When the Election Law was enacted aldermen were chosen from a whole ward. Since by the Constitution every qualified voter is entitled to vote in the election district of his residence " for all officers that now are or hereafter may be elective by the people," it is inferable that the legislative scheme of nominations for candidates would embrace all the elective officers for whom the qualified voter should then or thereafter be permitted to vote.

The provisions of section fifty-seven of the Election Law are, we think, thus comprehensive, although the subsequently created official district may be but part of a town, ward or village. The section first provides for " Independent nominations of candidates for public office to be voted for by *all* the electors of the state."

*Second,* for " Independent nominations of candidates for municipal offices to be voted for by *all* the electors of a municipality."

*Third,* for " Independent nominations of candidates for a county office in a county in which there is a city of the first class."

*Fourth,* " Independent nominations of candidates for public office other than municipal offices to be voted for in a district less than the whole state, but greater than a town or ward of a city," providing specially, however, for nominations for a school commissioner and member of the assembly in their respective districts. No other offices were thus specially designated, because no such special designation was necessary. Then follows the fifth provision, which embraces the relator's case :

" Independent nominations of candidates for public office to be voted for only by the electors of a town, or a ward of a city, or a village."

Unlike the first and second provisions it does not use the words " to be voted for by *all* the electors " of the territory named, but simply by the electors thereof. Unlike the third

and fourth provisions it does not necessarily imply them. The omission is significant. The candidate for alderman can be voted for " only by the electors of the ward," that is, the electors must be *in* the ward. Thus the language of the provision is satisfied without conflicting with the charter, which permits the voters of the ward to vote only for aldermen in their respective aldermanic districts. Moreover, aldermen were originally ward officers, and aldermanic districts, under the present charter of New York, are more nearly analogous to wards than to any other particular territorial division or statutory classification, and the inference that the nomination for candidates is still controlled by the provisions relating to ward officers is permissible. Of course, the nominating electors of a candidate for alderman should be held to mean those electors of the ward who are or may be entitled to vote for a candidate for the office; that is, the electors in the aldermanic district.

The order should be affirmed, with costs.

GRAY, HAIGHT, CULLEN and WERNER, JJ., concur with LANDON, J.; PARKER, Ch. J., and O'BRIEN, J., dissent and say: The statute does not in terms include such civil divisions as the aldermanic districts in the city of New York, and as it cannot possibly be imagined, it should not be held, that the legislature nevertheless intended to include them, for there were no such civil divisions in that city when section 57 of the General Election Law was enacted.

The legislature specifically mentioned every civil division known to the statutes of this state, and it is probable that they would have included the division in question had it been in existence, but it was not, and when in later years the legislature created the new civil divisions within the territory of New York city, it neglected so to amend the General Election Law as to include them. So the real question presented, as we view it, is whether the court can supply this omission of the legislature. And we can find no authority for an affirmative answer.

Order affirmed.